UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Talens Marine & Fuel LLC                                    Civil Action 10-0790

versus                                                      Judge Tucker L. Melançon

Atchafalaya Marine LLC                              Magistrate Judge C. Michael Hill

## ORDER

Before the Court is plaintiff, Talens Marine & Fuel LLC ("Talens"), Motion For Judgment By Default [Rec. Doc. 8]. Talens filed this action under the admiralty and maritime law within the meaning of Rules 9(h) and Supplemental Admiralty Rules C, and D of the Federal Rules of Civil Procedure. *R. 1.* Talens, a Louisiana limited liability company with its principal place of business at Lake Arthur, Louisiana, asserts a claim *in personam* for Breach of Contract and Open Account in accordance with Louisiana Revised Statutes § 9:2781 against defendant, Atchafalaya Marine, LLC ("Atchafalaya Marine"). *R. 1.*

The record reflects on October 30, 2008, Atchafalaya Marine entered into an Application For Credit agreement ("Agreement") with Talens for Talens to provide Atchafalaya Marine's vessel, the M/V Barbary Coast, with fuel and provisions. *R. 8; 9, Exh. 1, Application for Credit.* The Agreement provides that payment would be due 30 days from the date of the invoice evidencing delivery of Talens product and any balance not paid within that period would be subject to a finance charge of an annual rate of 18%. *Id.* Section 4 of the Agreement also provides for costs of collection of any such payment, including attorney's fees. *Id.* The record further reflects that Talens issued the following invoices to Atchafalaya Marine for diesel and various lubricants

it provided for the M/V Barbary Coast: (1) January 30, 2009 for $15,815.21; (2) February 12, 2009 for $9,472.55; (3) March 19, 2009 for $9,197.31; and, (4) April 20, 2009 for $9,992.55. *R. 9, Exh. 2*.

Talens' CFO, Ron Mattingly, states in an affidavit dated September 21, 2010 that on June 12, 2009, a lien was placed against the M/V Barbary Coast, however, the invoices have not been paid and remain outstanding. *Id., Exh. 3, Aff. of Mattingly, ¶¶ 7, 9, 10*. Mattingly further states that, as evidenced by the company's spreadsheet[1], Atchafalaya Marine owes Talens $56,263.57, which includes the principle amount of $44,477.62, plus interest at 18% per annum calculated from the date each of the outstanding invoices is due, which on September 21, 2010 equals $11,785.94. *Id., ¶¶ 11, 12*. Mattingly also states that Talens has the right to recover $3,751.75 in attorney's fees and court costs in accordance with Section 4 of the Agreement.[2] *Id. at ¶13*.

The record contains Proof of Service of Talens' Complaint on Atchafalaya Marine LLC through its registered agent, Rodd J. Cairns, 1012B Claire Drive, Morgan City, Louisiana, on August 21, 2010. *R. 8, Exh. A; R. 9, Exh. D*. The Clerk of this Court entered a Notice of Entry of Default against Atchafalaya Marine on September 28, 2010. *R. 7*. As Atchafalaya Marine has failed to appear either personally or through a representative, Talens moves the Court to issue a Default Judgment *exparte*

---

[1] While Mattingly states that a spreadsheet is attached to his affidavit, it is not contained in the record.

[2] Attorney's fees are also available under § 9:2781which provides, "When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant."

pursuant to Rule 55 (b)(2) for the "sum certain" owed by Atchafalaya Marine under the Application for Credit and in accordance with Louisiana Revised Statute § 9:2781.

Rule 55(b) of the Federal Rules of Civil Procedure provides two means by which a plaintiff may obtain the entry of a default judgment. Under Rule 55(b)(1), the plaintiff may apply to the Clerk of Court for the entry of a default judgment when the defendant has defaulted by failing to appear, the defendant is not an infant or incompetent person, and the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation with an affidavit showing the amount due. Rule 55(b)(1), Fed.R.Civ.Proc. A sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note. *See, e.g., U.S. v. Giles*, 538 F.Supp.2d 990 (W.D.Tex.2008). "Mere statements of award values without any indication of how those amounts were reached cannot rise to the level of an amount liquidated or capable of mathematical calculation." *Richardson v. Salvation Army*, 161 F.3d 7 (5th Cir.1998) (table). In all other cases, the party seeking a judgment of default must apply to the court under Rule 55(b)(2), and a hearing must be held unless the amount claimed is a liquidated sum or one capable of mathematical calculation. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). A court may conduct a hearing to effectuate judgment, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).

Here, the affidavit of Talens' CFO, Ron Mattingly, states the amounts of the total outstanding balance on the Agreement and the total interest owed as of September 21, 2010. The record, however, does not contain any calculations evidencing the amount of interest owed nor Talens' counsel's affidavit documenting his claim for attorney's fees. Accordingly, it is

**ORDERED** that within Ten (10) Days of the entry of this Order, Talens is to file a motion for leave to file its detailed calculations for (1) the total invoice amounts owed; (2) the total amount of interest currently owed and accruing under the Agreement; and (3) an affidavit providing its attorney's hourly rate and billings.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 4th day of January, 2011.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE